IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYLAND DEE KIRKLAND,

    Plaintiff,                    No. CIV S-06-0567 LKK GGH P

    vs.

EL DORADO COUNTY SHERIFF, et al.,

    Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $13.54 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1        At the outset, the court observes that plaintiff indicates that he is attempting to sue on behalf of his child, Alex. Appearances in federal court are governed by 28 U.S.C. § 1654. While a non-attorney may represent him or herself in a lawsuit, he or she has no authority to appear as an attorney for others. "[A] parent or guardian may not bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). See also Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S. Ct. 716, 721 (1993)(unincorporated association must appear through counsel); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987)(dismissing complaint signed by non-lawyer trustee).

         Plaintiff, a non-lawyer proceeding pro se, may not bring this action on behalf of his minor child. Accordingly, all claims raised on behalf of plaintiff's child should be dismissed.

         The complaint is 49 pages long and names 27 defendants. The court finds that the complaint does not contain a short and plain statement of the claims as required by Fed. R. Civ. P. 8. It is clear that plaintiff could state his claims in a much shorter pleading. On this ground, the complaint is dismissed. Plaintiff's amended complaint should be no longer than 20 pages and include no claims on behalf of plaintiff's child, Alex.

         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

\\\\\

1  In addition, plaintiff is informed that the court cannot refer to a prior pleading in
2  order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an
3  amended complaint be complete in itself without reference to any prior pleading. This is
4  because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux v.</u>
5  <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original
6  pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an
7  original complaint, each claim and the involvement of each defendant must be sufficiently
8  alleged.
9  In accordance with the above, IT IS HEREBY ORDERED that:
10  1. Plaintiff's request for leave to proceed in forma pauperis is granted.
11  2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
12  Plaintiff is assessed an initial partial filing fee of $13.54. All fees shall be collected and paid in
13  accordance with this court's order to the Director of the California Department of Corrections
14  and Rehabilitation filed concurrently herewith.
15  3. The complaint is dismissed for the reasons discussed above, with leave to file
16  an amended complaint within thirty days from the date of service of this order. Failure to file an
17  amended complaint will result in a recommendation that the action be dismissed.
18  DATED: 6/26/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

22  ggh:kj
kirk567.b